ANDREW K. PULS (SBN 273672)
andrew.puls@dinsmore.com
CHRISTOPHER CELENTINO (SBN 131688)
christopher.celentino@dinsmore.com
DINSMORE & SHOHL, LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>(Removed from San Diego Superior Court, Case No.: 37-2017-00046512-CU-BC-CTL)<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)** |

## NOTICE OF REMOVAL

To: The Clerk and Honorable Judges of the United States District Court Southern District of California.

PLEASE TAKE NOTICE that Defendant BMW OF NORTH AMERICA, LLC ("BMW NA") without waiving the right to assert any defenses – including, without limitation, to challenge personal jurisdiction – files this Notice of Removal ("Notice") in accordance with 28 U.S.C. §§ 1441 and 1446 to remove this action from the California Superior Court, sitting in San Diego County, to this Court, based upon federal question jurisdiction under 28 U.S.C. § 1331. As grounds for removal, BMW NA states as follows:

## I. THE STATE COURT ACTION

1. On December 5, 2017, Plaintiff FLOYD ANDERSON ("Plaintiff") filed a complaint captioned *Floyd Anderson v. BMW of North America, LLC, et al.*, Case No. 37-2017-00046512-CU-BC-CTL, against BMW NA in the California Superior Court for the County of San Diego ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copy of the Complaint and Exhibit 1 thereto in the State Court Action is attached to this Notice as Exhibit A.

2. Plaintiff alleges that, in connection with the purchase of a 2015 BMW K1600GT, VIN: WB1061100FZX82711 ("Vehicle"), BMW NA violated the Federal Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty Act. (Ex. A, p. 1). Plaintiff seeks, *inter alia*, general, special and actual damages; rescission of the purchase contract and restitution of all monies expended; diminution in value; incidental and consequential damages; a civil penalty in the amount of two times actual damages; and prejudgment interest, costs, and attorney's fees. (Id., pp. 5-6.)

3. BMW NA disputes Plaintiff's allegations, believes that Plaintiff's Complaint lacks merit, and denies that Plaintiff has been harmed in any way.

4. Defendants were served with the State Court Action Summons and Complaint on December 8, 2017. This Notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the summons and all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit B.

5. On January 8, 2018, in the State Court Action, BMW NA filed an answer to Plaintiff's Complaint. A true and correct copy of BMW NA's answer is attached hereto as Exhibit C.

6. No further proceedings have been had in the State Court Action in relation to Plaintiff's complaint.

## II.   REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

7. The above-described action is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one that may be removed to this Court by BMW NA pursuant to 28 U.S.C. § 1441. Specifically, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the second cause of action arises under the Magnuson Moss Federal Warranty Act, 15 U.S.C. § 2301, *et seq.*, and satisfies the necessary amount in controversy under that statute.

### A.   Plaintiff's Claim Arises Under a Federal Statute with a $50,000 Amount in Controversy Requirement.

8. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

2.

9.     This Court has original jurisdiction of Plaintiff's second cause of action as it "arise[s] under" a federal statute – 15 U.S.C. § 2301, *et seq.*, which is known as the Magnuson-Moss Federal Warranty Act ("Mag Moss Act").

10.     Section 2310(d)(1)(B) of the Mag Moss Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . .  if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit . . . ." 15 U.S.C. § 2310(d)(3)(B).

**B.     The Amount in Controversy Exceeds an Aggregate of $50,000.**

11.     State law determines what remedies are available for violation of the Mag-Moss Act.  Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (finding that plaintiff could recover significant Song-Beverly Act civil penalties under the Mag–Moss Act, and that those sums can be considered in the amount in controversy equation).  Thus, the remedies available to Plaintiff under the Song-Beverly Act dictate determine whether this case meets the Mag-Moss Act's $50,000 jurisdictional minimum.

12.     In the event of a breach of an express warranty, the Song-Beverly Act requires a manufacturer to repair, replace, or reimburse the buyer for the nonconforming goods.  Park City Servs., Inc. v. Ford Motor Co., 144 Cal. App. 4th 295, 302 (2006).  The Act also allows a purchaser to recover costs, attorney's fees and a civil penalty which shall not exceed two times the amount of actual damages.  Id.; Cal. Civ. Code § 1794(e).

**1. Plaintiff Seeks Reimbursement of $19,000.**

13.     Here, Plaintiff seeks "rescission of the purchase contract and restitution of all monies expended."  (Ex. A, 5:25.)  Plaintiff attached as an exhibit

3.

to his complaint the sales contract for the Vehicle, which reflects a total sale price of $19,000.  (Ex. A at Ex. 1 thereto, p. 1.)  Page 2 of the sales contract reflects a down payment of $19,000 and that Plaintiff did not finance the Vehicle.  (Id.)  Thus, at minimum, Plaintiff seeks restitution of the $19,000 he paid for the Vehicle.

### 2. Plaintiff Seeks a Civil Penalty of at Least $38,000.

14.    Plaintiff also seeks a "civil penalty in the amount of two times Plaintiff's actual damages."  (Ex. A, 6:1.)  Where an underlying statute provides for a civil penalty, "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff."  Saulic v. Symantec Corp. (C.D. Cal., Dec. 26, 2007, No. SACV 07-610 AHSPLAX) 2007 WL 5074883, at *4 (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005) and Romo v. FFG Ins. Co., 397 F.Supp.2d 1237, 1240 (C.D.Cal.2005).

15.    Thus, as a matter of law, the amount in controversy requirement in this case includes a civil penalty of $38,000 – which is two times $19,000.

16.    In sum, the $19,000 in reimbursement plus $38,000 in civil penalties that Plaintiff seeks totals $57,000, which exceeds the $50,000 amount in controversy requirement under the Mag-Moss Act.

### 3. Attorneys' Fees Also Contribute to the Amount in Controversy.

17.    Given the foregoing calculations, the $50,000 amount in controversy requirement is satisfied even without consideration of Plaintiff's attorney's fees. But even Plaintiff's actual damages plus the civil penalties did not exceed $50,000.00, the jurisdictional minimum would still be met because Plaintiff seeks recovery of his attorney's fees under the Act.  (Ex. A, p. 6.)

18.    "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount

/ / /

in controversy." Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).

19.   Accordingly, any analysis concluding that this case does not meet the jurisdictional minimum is incomplete unless it considers a reasonable estimate of fees likely to be incurred to resolution of this dispute.

### 4. Defendant Has Plausibly Explained How the Minimum Amount in Controversy is Satisfied.

20.   A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. Id. Once the party seeking federal jurisdiction provides a plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008).

21.   Given the foregoing allegations and authority, the jurisdictional minimum of $50,000 is satisfied in this case.

22.   Accordingly, this Court has original jurisdiction because Plaintiff's second cause of action arises under the Mag-Moss Act, and the amount in controversy exceeds $50,000.

## III.   SUPPLEMENTAL JURISDICTION

23.   "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of

5.

which the district courts . . . have original jurisdiction' . . . ." <u>City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 165 (1997).  Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim.  <u>Zuniga v. Blue Cross & Blue Shield of Michigan</u>, 52 F.3d 1395, 1399 (6th Cir. 1995).  A single case exists in the constitutional sense whenever the state and federal claims arise from a "common nucleus of operative facts" such that plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966).

24.     Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts—that is, the purchase of the Vehicle.  (Ex. A, ¶ 7-9.)  Thus, under 28 U.S.C. § 1367, supplemental jurisdiction of Plaintiff's remaining claims is appropriate.  <u>See</u> <u>Priebe v. Autobard, Ltd.</u>, 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Mag-Moss Act, district court properly exercised supplemental jurisdiction over plaintiffs' remaining claims, including state and common law fraud claims).

## IV.     VENUE IS PROPER IN THIS COURT

25.     The place where the State Court Action was filed – the California Superior Court for the County of San Diego – is located within the Southern District of California.  28 U.S.C. § 84(d).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## V.     DEFENDANT HAS SATISFIED 28 U.S.C. § 1446

26.     Pursuant to 28 U.S.C. § 1446(a), this Notice is accompanied by true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action.

27.     As set forth above, this Notice is both timely and proper under 28 U.S.C. § 1446(b).

/ / /

6.

28.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of this removal to Plaintiff and shall file a copy of this Notice with the Clerk of the San Diego County Superior Court, which shall effect the removal and the State Court Action shall proceed no further.

29.     No previous application has been made for the relief requested in this Notice.

WHEREFORE, Defendant removes this action, now pending in the San Diego County Superior Court for the State of California, to this Court for all purposes, including trial.  If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated: January 8, 2018                    **DINSMORE & SHOHL LLP**


By:  _/s/ Andrew K. Puls_____
        Andrew K. Puls
        Christopher Celentino

Attorneys for Defendant BMW OF NORTH AMERICA, LLC

# EXHIBIT "A"

**ROMANO STANCROFF PC**
Mark Romano, Esq. (SBN 244113)
Timothy Whelan, Esq. (SBN 255037)
360 N. Sepulveda Blvd., Suite 1010
El Segundo, CA  90245
Telephone: (310) 477-7990
Fax: (310) 477-7995

Attorneys for Plaintiff,
FLOYD ANDERSON

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/05/2017** at 09:51:22 AM
Clerk of the Superior Court
By Erika Engel, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

FLOYD ANDERSON,

            Plaintiff,

   vs.

BMW OF NORTH AMERICA, LLC,
**Delaware Limited Liability Company, and
DOES 1 through 10, inclusive,**

          Defendants.

Case No.:  37-2017-00046512-CU-BC-CTL

**COMPLAINT**

1. **SONG-BEVERLY ACT**
2. **MAGNUSON-MOSS ACT**

*Assigned for All Purposes to the
Honorable*
Department

     Plaintiff, FLOYD ANDERSON, alleges as follows against Defendants, BMW OF NORTH AMERICA, LLC, and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances:

## GENERAL ALLEGATIONS

    1.   Plaintiff is an individual residing in the City of Carson, County of Los Angeles, and State of California.

-1-
Complaint

2.     Defendant BMW OF NORTH AMERICA, LLC is and was a Delaware limited liability company registered to do business in the State of California with its registered office in the City of Los Angeles, County of Los Angeles, State of California.

3.     This cause of action arises out of the sale of the vehicle in question from San Diego BMW Motorcycles in the City of San Diego, County of San Diego, State of California.

4.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure.  Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

5.     All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

6.     Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible) or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

7.     On August 6, 2016, Plaintiff purchased a new 2015 BMW K1600GT, VIN: WB1061100FZX82711, ("the vehicle").

8.     Express warranties accompanied the sale of the vehicle to Plaintiff by which BMW OF NORTH AMERICA, LLC undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

9.     The vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, various engine defects.

-2-
Complaint

<u>FIRST CAUSE OF ACTION</u>

(Violation of the Song-Beverly Consumer Warranty Act)

10. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

11. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code section 1790 *et seq.*, the vehicle constitutes "consumer goods" or a "new motor vehicle" and Plaintiff has used the vehicle primarily for those purposes.

12. Plaintiff is a "buyer" of consumer goods under the Act.

13. Defendant BMW OF NORTH AMERICA, LLC is a "manufacturer" and/or "distributor" under the Act.

14. The sale of the vehicle to Plaintiff was accompanied by an implied warranty that the vehicle was merchantable. The sale of the vehicle to Plaintiff was also accompanied by Defendants' implied warranty of fitness.

15. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

16. Plaintiff delivered the vehicle to BMW OF NORTH AMERICA, LLC authorized repair facilities for repair of the nonconformities on numerous occasions.

17. Defendants were unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable number of attempts.

18. The defects and nonconformities rendered the vehicle unmerchantable.

19. In addition, Defendants were unable to conform Plaintiff's vehicle to the applicable warranties within thirty (30) days from delivery by Plaintiff to its authorized dealer in violation of Cal. Civ. Code Sect. 1793.2(b).

20. Notwithstanding Plaintiff's entitlement, Defendant manufacturer has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

-3-
Complaint

1   21.   By failure of Defendants to remedy the defects as alleged above, or to issue a refund or

2   replacement, Defendants are in breach of their obligations under the Act.

3   22.   Plaintiff is entitled to justifiably revoke acceptance of the vehicle under the Act.

4   23.   Under the Act, Plaintiff is entitled to reimbursement of the purchase price paid for the

5   vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the

6   nonconformities.

7   24.   Plaintiff is entitled to all incidental, consequential and general damages resulting from

8   Defendants' failure to comply with their obligations under the Act.

9   25.   Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the

10   aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in

11   connection with the commencement and prosecution of this action.

12   26.   Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two

13   times the amount of actual damages in that BMW OF NORTH AMERICA, LLC has willfully

14   failed to comply with its responsibilities under the Act.

15   <u>SECOND CAUSE OF ACTION</u>

16   (Violation of the Federal Magnuson-Moss Warranty Act - Against All Defendants)

17   27.   Plaintiff incorporates herein by reference each and every allegation contained in the

18   preceding and succeeding paragraphs as though herein fully restated and realleged.

19   28.   Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to

20   as "Mag-Moss"), 15 U.S.C. § 2301(3).

21   29.   Defendant, BMW OF NORTH AMERICA, LLC is a "supplier" and "warrantor" as

22   defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

23   30.   The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. §

24   2301(1).

25   31.   In addition to the express warranty, in connection with the sale of the vehicle to

26   Plaintiff, an implied warranty of merchantability was created under California law.   The

27

28

-4-

Complaint

1  vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the

2  vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

3      32.    Defendants violated the Mag-Moss Act when they breached the express warranty and

4  implied warranties by failing to repair the defects and nonconformities, or to replace or

5  repurchase the vehicle.

6      33.    Plaintiff performed all terms, conditions, covenants, promises and obligations required

7  to be performed on Plaintiff's part under the terms of the sales agreement, and express warranty

8  and implied warranty except for those terms and conditions, covenants, promises and obligations

9  or payments for which performance and/or compliance has been excused by the acts and/or

10  conduct of the Defendants and/or by operation of law.

11      34.    As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff

12  has been damaged in the form of general, special and actual damages in an amount within the

13  jurisdiction of this Court, according to proof at trial.

14      35.    Under the Act, Plaintiff is entitled to rescission of the contract, reimbursement of the

15  purchase price paid for the vehicle.

16      36.    Plaintiff is entitled to all incidental, consequential and general damages resulting from

17  Defendants' failure to comply with their obligations under the Mag-Moss Act.

18      37.    Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum

19  equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

20  incurred in connection with the commencement and prosecution of this action pursuant to 15

21  U.S.C. § 2310(d)(2).

22

23  WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

24      1.   For general, special and actual damages according to proof at trial;

25      2.   For rescission of the purchase contract and restitution of all monies expended;

26      3.   For diminution in value;

27      4.   For incidental and consequential damages according to proof at trial;

28

-5-

Complaint

1    5.   For civil penalty in the amount of two times Plaintiff's actual damages;

2    6.   For prejudgment interest at the legal rate;

3    7.   For reasonable attorney's fees and costs of suit; and

4    8.   For such other and further relief as the Court deems just and proper under the

5         circumstances.

6

7                                        ROMANO STANCROFF PC

8

9                                        Mark Romano, Esq. (SBN 244113)

10                                       Timothy Whelan, Esq. (SBN 255037)
                                         Attorney for Plaintiff

11                                       FLOYD ANDERSON

12

13   Dated:  12/6/17

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -6-
                                     Complaint

# EXHIBIT 1

# INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Dealer Number 66724 | Contract Number 18744989 | R.O.S. Number _____ | Stock Number X82711 |
|---|---|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| Anderson, Floyd<br>19719 Reinhart Ave<br>Carson, CA 90746<br>County: Los Angeles | County: | SAN DIEGO BMW MOTORCYCLES<br>5673 KEARNY VILLA ROAD<br>SAN DIEGO, CA 92123 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreement on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New<br>Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2015 | BMW<br>K1600GT | 000159 | WB1061100F3X82711 | Personal, family or household unless otherwise indicated below.<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $19000.00 |
|---|---|---|---|---|
| 0.00 % | $ 0.00 (e) | $ 0.00 | $ 0.00 (e) | $19,000.00 is (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | | |
| One Payment of | | |
| One Payment of | | |
| | $0.00 | Monthly beginning 9/6/2016 |
| One final payment of | $0.00 | 9/6/2016 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay early, you will not be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ........ $17,144.32 (A)
      1. Cash Price Vehicle $17,144.32
      2. Cash Price Accessories $ 0.00
      3. Other (Nontaxable)
         Describe _____ $ 0.00
         Describe _____ $ 0.00
   B. Document Processing Charge (not a governmental fee) $ 80.00 (B)
   C. Emissions Testing Charge (not a governmental fee) $ 0.00 (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) _____ $ 0.00 (D1)
      2. (paid to) _____ $ 0.00 (D2)
      3. (paid to) _____ $ 0.00 (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) _____ $ 0.00 (E1)
      2. (paid to) _____ $ 0.00 (E2)
   F. EV Charging Station (paid to) _____ $ (F)
   G. Sales Tax (on taxable items in A through F) $ 1
   H. Electronic Vehicle Registration or Transfer Charge

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | | Term | Premium |
|---|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | | Mos. | $ N/A |
| $ N/A Ded. Collision | | | Mos. | $ N/A |
| Bodily Injury | $ N/A | Limits | Mos. | $ N/A |
| Property Damage | $ N/A | Limits | Mos. | $ N/A |
| Medical | | | Mos. | $ N/A |
| | | | Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

### OPTIONAL DEBT CANCELLATION AGREEMENT.
A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term 0 Mos. _____
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

### OPTIONAL SERVICE CONTRACT(S)
You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 11.

| 11 Company | | |
|---|---|---|
| Term 0 Mos. or n/a Miles |
| 12 Company |
| Term 0 Mos. or n/a Miles |
| 13 Company |
| Term 0 Mos. or _____ Miles |
| 14 Company |
| Term 0 Mos. or _____ Miles |
| 15 Company |
| Term 0 Mos. or _____ Miles |
| Buyer X |

| | | |
|---|---|---|
| J. Prior Credit or Lease Balance (e) (paid by Seller) | | |
| Vehicle 1 _____ Vehicle 2 _____ | $ | $0.00 (J) |
| (see downpayment and trade-in calculation) | | |
| K. (Optional) Debt Cancellation Agreement | $ | $0.00 (K) |
| L. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ | $0.00 (L) |
| M. Other (paid to) _____ | $ | $0.00 (M) |
| For _____ | | |
| N. Other (paid to) _____ | $ | $0.00 (N) |
| For _____ | | |
| Total Cash Price (A through N) | $ | $18,803.50 (1) |

2. **Amounts Paid to Public Officials**

| | | |
|---|---|---|
| A. Vehicle License Fees    ESTIMATED | $ | $193.00 (A) |
| B. Registration/Transfer/Titling Fees | $ | $0.00 (B) |
| C. California Tire Fees | $ | $3.50 (C) |
| D. Other _____ | $ | $0.00 (D) |
| Total Official Fees (A through D) | $ | $196.50 (2) |

3. **Amount Paid to Insurance Companies**

| | | |
|---|---|---|
| (Total premiums from Statement of Insurance) | $ | $0.00 (3) |

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ ____ $0.00 (4)

5. **Subtotal (1 through 4)** $ $30,533.00 (5)

6. **Total Downpayment**

| | | |
|---|---|---|
| A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): | $ | $0.00 (A) |
| Vehicle 1 $ _____ Vehicle 2 $ _____ | | |
| B. Total Less Prior Credit or Lease Balance (e) | $ | $0.00 (B) |
| Vehicle 1 $ _____ Vehicle 2 $ _____ | | |
| C. Total Net Trade-In (A–B) (indicate if negative number) | $ | $0.00 (C) |
| Vehicle 1 $ _____ Vehicle 2 $ _____ | | |
| D. Deferred Downpayment Payable to Seller | $ | $0.00 (D) |
| E. Manufacturer's Rebate | $ | $0.00 (E) |
| F. Other _____ | $ | $0.00 (F) |
| G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card | $ | $19,000.00 (G) |
| Total Downpayment (C through G) | $ | $19,000.00 (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above) | | |

7. **Amount Financed (5 less 6)** $ $0.00 (7)

---

c. Agreed Value of Property
Being Traded-In (a–b) $ _____
d. Prior Credit or Lease Balance $ _____
e. Net Trade-In (c–d) (must be ≥ 0
for buyer/co-buyer to retain equity) $ _____

2. **Vehicle 2**

Year _____ Make _____
Model _____ Odometer _____
VIN _____

a. Agreed Value of Property $ _____
b. Buyer/Co-Buyer Retained Trade Equity $ $0.00
c. Agreed Value of Property
Being Traded-In (a–b) $ _____
d. Prior Credit or Lease Balance $ _____
e. Net Trade-In (c–d) (must be ≥ 0
for buyer/co-buyer to retain equity) $ _____

Total Agreed Value of Property
Being Traded-In (1c+2c) $ $0.00
Total Prior Credit or Lease
Balance (1d+2d) $ $0.00
Total Net Trade-In (1e+2e) $ _____
(*See item 6A–6C in the Itemization of Amount Financed)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, _____ Year.
SELLER'S INITIALS _____

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____
Co-Buyer Signs X _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

**Buyer Signature X** _____     **Co-Buyer Signature X** _____

---

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____     Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____     Co-Buyer X _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

X _____

---

## This box is intentionally left blank.

Notice to buyer: (1) Do not sign this agreement

This bold is intentionally left blank.

**Notice to buyer: (1)** Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. **(2)** You are entitled to a completely filled in copy of this agreement. **(3)** You can prepay the full amount due under this agreement at any time. **(4)** If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

*If you have a complaint concerning this sale, you should try to resolve it with the seller.*

*Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.*

*After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.*

Buyer Signature X _____                     Co-Buyer Signature X _____

## The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

**Buyer Signature X** _____ Date **8/6/2016**     **Co-Buyer Signature X** _____ Date **8/6/2016**

Co-Buyers and Other Owners — An other owner is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

**Other Owner Signature X** _____                     Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

**Guarantor X** _____ Date _____     **Guarantor X** _____ Date _____

Address _____                     Address _____

Seller Signs **SAN DIEGO BMW MOTORCYCLES** Date **8/6/2016** By X _____ Title **Sales**

**ILAW** FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**CUSTOMER/TRUTH IN LENDING COPY**

# EXHIBIT "B"

12/08/17

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BMW OF NORTH AMERICA, LLC, Delaware Limited Liability
Company, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FLOYD ANDERSON,

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/05/2017** at 09:51:22 AM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2017-00048512-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Romano Stancroff PC, 360 N. Sepulveda Blvd., Ste. 1010, El Segundo, CA 90245 (310) 477-7990

| DATE: 12/06/2017<br>*(Fecha)* | Clerk, by *E. Engel*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BMW of North America, LLC, Delaware Limited Liability company.

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP 17701.16 (LLC)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

**ROMANO STANCROFF PC**
Mark Romano, Esq. (SBN 244113)
Timothy Whelan, Esq. (SBN 255037)
360 N. Sepulveda Blvd., Suite 1010
El Segundo, CA  90245
Telephone: (310) 477-7990
Fax: (310) 477-7995

Attorneys for Plaintiff,
FLOYD ANDERSON

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/05/2017** at 09:51:22 AM
Clerk of the Superior Court
By Erika Engel,Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| FLOYD ANDERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC,<br>Delaware Limited Liability Company, and<br>DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:  37-2017-00046512-CU-BC-CTL<br><br>**COMPLAINT**<br><br>1.  **SONG-BEVERLY ACT**<br>2.  **MAGNUSON-MOSS ACT**<br><br>*Assigned for All Purposes to the*<br>*Honorable*<br>Department |

Plaintiff, FLOYD ANDERSON, alleges as follows against Defendants, BMW OF NORTH AMERICA, LLC, and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances:

<u>GENERAL ALLEGATIONS</u>

1.   Plaintiff is an individual residing in the City of Carson, County of Los Angeles, and State of California.

-1-
Complaint

1    2.    Defendant BMW OF NORTH AMERICA, LLC is and was a Delaware limited liability

2    company registered to do business in the State of California with its registered office in the City

3    of Los Angeles, County of Los Angeles, State of California.

4    3.    This cause of action arises out of the sale of the vehicle in question from San Diego

5    BMW Motorcycles in the City of San Diego, County of San Diego, State of California.

6    4.    Plaintiff does not know the true names and capacities, whether corporate, partnership,

7    associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive,

8    under the provisions of section 474 of the California Code of Civil Procedure.  Defendants Does

9    1 through 10, inclusive, are in some manner responsible for the acts, occurrences and

10    transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend

11    this Complaint to set forth the true names and capacities of the fictitiously named Defendants

12    together with appropriate charging allegations when ascertained.

13    5.    All acts of corporate employees as alleged were authorized or ratified by an officer,

14    director or managing agent of the corporate employer.

15    6.    Each Defendant whether actually or fictitiously named herein, was the principal, agent

16    (actual or ostensible) or employee of each other Defendant and in acting as such principal or

17    within the course and scope of such employment or agency, took some part in the acts and

18    omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the

19    relief prayed for herein.

20    7.    On August 6, 2016, Plaintiff purchased a new 2015 BMW K1600GT, VIN:

21    WB1061100FZX82711, ("the vehicle").

22    8.    Express warranties accompanied the sale of the vehicle to Plaintiff by which BMW OF

23    NORTH AMERICA, LLC undertook to preserve or maintain the utility or performance of

24    Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

25    9.    The vehicle was delivered to Plaintiff with serious defects and nonconformities to

26    warranty and developed other serious defects and nonconformities to warranty including, but not

27    limited to, various engine defects.

28

FIRST CAUSE OF ACTION

(Violation of the Song-Berly Consumer Warranty Act)

10.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

11.   Pursuant to the Song-Berly Consumer Warranty Act (herein after the "Act") Civil Code section 1790 *et seq.*, the vehicle constitutes "consumer goods" or a "new motor vehicle" and Plaintiff has used the vehicle primarily for those purposes.

12.   Plaintiff is a "buyer" of consumer goods under the Act.

13.   Defendant BMW OF NORTH AMERICA, LLC is a "manufacturer" and/or "distributor" under the Act.

14.   The sale of the vehicle to Plaintiff was accompanied by an implied warranty that the vehicle was merchantable. The sale of the vehicle to Plaintiff was also accompanied by Defendants' implied warranty of fitness.

15.   The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

16.   Plaintiff delivered the vehicle to BMW OF NORTH AMERICA, LLC authorized repair facilities for repair of the nonconformities on numerous occasions.

17.   Defendants were unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable number of attempts.

18.   The defects and nonconformities rendered the vehicle unmerchantable.

19.   In addition, Defendants were unable to conform Plaintiff's vehicle to the applicable warranties within thirty (30) days from delivery by Plaintiff to its authorized dealer in violation of Cal. Civ. Code Sect. 1793.2(b).

20.   Notwithstanding Plaintiff's entitlement, Defendant manufacturer has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Berly Consumer Warranty Act.

-3-

Complaint

1    21.   By failure of Defendants to remedy the defects as alleged above, or to issue a refund or

2    replacement, Defendants are in breach of their obligations under the Act.

3    22.   Plaintiff is entitled to justifiably revoke acceptance of the vehicle under the Act.

4    23.   Under the Act, Plaintiff is entitled to reimbursement of the purchase price paid for the

5    vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the

6    nonconformities.

7    24.   Plaintiff is entitled to all incidental, consequential and general damages resulting from

8    Defendants' failure to comply with their obligations under the Act.

9    25.   Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the

10   aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in

11   connection with the commencement and prosecution of this action.

12   26.   Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two

13   times the amount of actual damages in that BMW OF NORTH AMERICA, LLC has willfully

14   failed to comply with its responsibilities under the Act.

15                          SECOND CAUSE OF ACTION

16        (Violation of the Federal Magnuson-Moss Warranty Act - Against All Defendants)

17   27.   Plaintiff incorporates herein by reference each and every allegation contained in the

18   preceding and succeeding paragraphs as though herein fully restated and realleged.

19   28.   Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to

20   as "Mag-Moss"), 15 U.S.C. § 2301(3).

21   29.   Defendant, BMW OF NORTH AMERICA, LLC is a "supplier" and "warrantor" as

22   defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

23   30.   The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. §

24   2301(1).

25   31.   In addition to the express warranty, in connection with the sale of the vehicle to

26   Plaintiff, an implied warranty of merchantability was created under California law.   The

27

28

Complaint

1  vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the

2  vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

3      32.  Defendants violated the Mag-Moss Act when they breached the express warranty and

4  implied warranties by failing to repair the defects and nonconformities, or to replace or

5  repurchase the vehicle.

6      33.  Plaintiff performed all terms, conditions, covenants, promises and obligations required

7  to be performed on Plaintiff's part under the terms of the sales agreement, and express warranty

8  and implied warranty except for those terms and conditions, covenants, promises and obligations

9  or payments for which performance and/or compliance has been excused by the acts and/or

10  conduct of the Defendants and/or by operation of law.

11     34.  As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff

12  has been damaged in the form of general, special and actual damages in an amount within the

13  jurisdiction of this Court, according to proof at trial.

14     35.  Under the Act, Plaintiff is entitled to rescission of the contract, reimbursement of the

15  purchase price paid for the vehicle.

16     36.  Plaintiff is entitled to all incidental, consequential and general damages resulting from

17  Defendants' failure to comply with their obligations under the Mag-Moss Act.

18     37.  Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum

19  equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

20  incurred in connection with the commencement and prosecution of this action pursuant to 15

21  U.S.C. § 2310(d)(2) .

22

23  WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

24     1.  For general, special and actual damages according to proof at trial;

25     2.  For rescission of the purchase contract and restitution of all monies expended;

26     3.  For diminution in value;

27     4.  For incidental and consequential damages according to proof at trial;

28

-5-<br>Complaint

5. For civil penalty in the amount of two times Plaintiff's actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorney's fees and costs of suit; and

8. For such other and further relief as the Court deems just and proper under the circumstances.

ROMANO STANCROFF PC

Mark Romano, Esq. (SBN 244113)
Timothy Whelan, Esq. (SBN 255037)
Attorney for Plaintiff
FLOYD ANDERSON

Dated: 12/5/17

-6-
Complaint

# EXHIBIT 1

# INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

Dealer Number **66724**   Contract Number **18744989**   R.O.S. Number _____   Stock Number **X82711**

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| Anderson, Floyd 19719 Reinhart Ave Carson, CA 90746 County: Los Angeles | County: | SAN DIEGO BMW MOTORCYCLES 5673 KEARNY VILLA ROAD SAN DIEGO, CA 92123 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreement on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2015 | BMW K1600GT | 000159 | WB1061100FZX82711 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $19,000.00 |
|---|---|---|---|---|
| 0.00 % | $ $0.00 (e) | $ $0.00 | $ $0.00 (e) | $ $19,000.00 is |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | | |
| One Payment of | | |
| One Payment of | | |
| 0 | $0.00 | Monthly beginning 9/6/2016 |
| One final payment | $0.00 | 9/6/2016 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you will not be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories     $ **$17,144.32** (A)
      1. Cash Price Vehicle     $ **$17,144.32**
      2. Cash Price Accessories     $ **$0.00**
      3. Other (Nontaxable)
         Describe _____     $ **$0.00**
         Describe _____     $ **$0.00**
   B. Document Processing Charge (not a governmental fee)     $ **$80.00** (B)
   C. Emissions Testing Charge (not a governmental fee)     $ **$0.00** (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) _____     $ **$0.00** (D1)
      2. (paid to) _____     $ **$0.00** (D2)
      3. (paid to) _____     $ **$0.00** (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) _____     $ **$0.00** (E1)
      2. (paid to) _____     $ **$0.00** (E2)
   F. EV Charging Station (paid to) _____     $ **$0.00** (F)
   G. Sales Tax (on taxable items in A through F)     $ **$1,...**
   H. Electronic Vehicle Registration or Transfer Charge

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | Term | Premium |
|---|---|---|
| $ **N/A** Ded. Comp., Fire & Theft | ___ Mos. | $ **N/A** |
| $ **N/A** Ded. Collision | ___ Mos. | $ **N/A** |
| Bodily Injury $ **N/A** Limits | ___ Mos. | $ **N/A** |
| Property Damage $ **N/A** Limits | ___ Mos. | $ **N/A** |
| Medical | ___ Mos. | $ **N/A** |
| | ___ Mos. | $ **N/A** |
| Total Vehicle Insurance Premiums | | $ **N/A** |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

### OPTIONAL DEBT CANCELLATION AGREEMENT.

A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term **0** _____ Mos. _____
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

### OPTIONAL SERVICE CONTRACT(S)

You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 11.

| I1 Company _____ | | |
|---|---|---|
| Term **0** Mos. or **n/a** Miles |
| I2 Company _____ |
| Term **0** Mos. or **n/a** Miles |
| I3 Company _____ |
| Term _____ Mos. or _____ Miles |
| I4 Company _____ |
| Term _____ Mos. or _____ Miles |
| I5 Company _____ |
| Term _____ Mos. or _____ Miles |
| Buyer X _____ |

J. Prior Credit or Lease Balance (c) paid by Seller/
Vehicle 1 _____ Vehicle 2 _____ $     $0.00 (J)
(see downpayment and trade-in calculation)

K. (Optional) Debt Cancellation Agreement                  $     $0.00 (K)

L. (Optional) Used Vehicle Contract Cancellation Option Agreement    $     $0.00 (L)

M. Other (paid to) _____ $     $0.00 (M)
For _____

N. Other (paid to) _____ $     $0.00 (N)
For _____

Total Cash Price (A through N)                    $ 18,803.50 (1)

2. Amounts Paid to Public Officials
A. Vehicle License Fees   ESTIMATED   $    $193.00 (A)
B. Registration/Transfer/Titling Fees         $    $0.00 (B)
C. California Tire Fees                  $    $3.50 (C)
D. Other                          $    $0.00 (D)
Total Official Fees (A through D)            $    $196.50 (2)

3. Amount Paid to Insurance Companies
(Total premiums from Statement of Insurance)      $    $0.00 (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee   $    $0.00 (4)

5. Subtotal (1 through 4)                $ 80,533.00 (5)

6. Total Downpayment
A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s))   $   $0.00 (A)
Vehicle 1 $ _____ Vehicle 2 $ _____
B. Total Less Prior Credit or Lease Balance (e)        $   $0.00 (B)
Vehicle 1 $ _____ Vehicle 2 $ _____
C. Total Net Trade-In (A–B) (indicate if negative number)     $   $0.00 (C)
Vehicle 1 $ _____ Vehicle 2 $ _____
D. Deferred Downpayment Payable to Seller         $   $0.00 (D)
E. Manufacturer's Rebate               $   $0.00 (E)
F. Other _____ $   $0.00 (F)
G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card    $ 19,000.00 (G)
Total Downpayment (C through G)          $ 19,000.00 (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6)             $   $0.00 (7)

---

C. Agreed Value of Property
Being Traded-In (a–b)        $ _____
d. Prior Credit or Lease Balance    $ _____
e. Net Trade-In (c–d) (must be ≥ 0
for buyer/co-buyer to retain equity) $ _____

2. Vehicle 2
Year _____ Make _____
Model _____ Odometer _____
VIN _____
a. Agreed Value of Property       $ _____
b. Buyer/Co-Buyer Retained Trade Equity $ $0.00
c. Agreed Value of Property
Being Traded-In (a–b)        $ _____
d. Prior Credit or Lease Balance    $ _____
e. Net Trade-In (c–d) (must be ≥ 0
for buyer/co-buyer to retain equity) $ _____

Total Agreed Value of Property
Being Traded-In (1c+2c)       $ $0.00
Total Prior Credit or Lease
Balance (1d+2d)            $ $0.00
Total Net Trade-In (1e+2e)     $ _____
(*See item 6A–6C in the Itemization of Amount Financed)

OPTION: ☐ You pay no finance charge if the
Amount Financed, item 7, is paid in full on or
before _____, _____ Year.
SELLER'S INITIALS _____

Agreement to Arbitrate: By signing below, you agree that, pursuant
to the Arbitration Provision on the reverse side of this contract, you
or we may elect to resolve any dispute by neutral, binding arbitration
and not by a court action. See the Arbitration Provision for additional
information concerning the agreement to arbitrate.
Buyer Signs X _____
Co-Buyer Signs X _____

---

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.
Buyer Signature X _____     Co-Buyer Signature X _____

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable: _____

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____     Co-Buyer Signs X _____

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
Buyer X _____     Co-Buyer X _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
IN THE EVENT OF ANY LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
Buyer shall sign below to acknowledge that he/she understands these public liability terms and conditions.
Buyer X _____

This box is intentionally left blank.

Notice to buyer: (1) Do not sign this agreement

This box is intentionally left blank.

**Notice to buyer: (1)** Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. **(2)** You are entitled to a completely filled in copy of this agreement. **(3)** You can prepay the full amount due under this agreement at any time. **(4)** If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

*If you have a complaint concerning this sale, you should try to resolve it with the seller.*
*Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.*
*After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.*

Buyer Signature X _____        Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____ Date **8/6/2016**    Co-Buyer Signature X _____ Date **8/6/2016**
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____        Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Buyer waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default, and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date _____
Address _____

Guarantor X _____ Date _____
Address _____

Seller Signs **SAN DIEGO BMW MOTORCYCLES** Date **8/6/2016** By X _____ Title **Sales**

**ILAW** FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mark Romano, Esq. (SBN 244113)<br>ROMANO STANCROFF PC<br>360 N. Sepulveda Blvd., Ste. 1010<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 477-7990   FAX NO.: (310) 477-7995<br>ATTORNEY FOR *(Name)*: Floyd Anderson | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: same as above<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/05/2017** at 09:51:22 AM<br>Clerk of the Superior Court<br>By Erika Engel,Deputy Clerk |
|---|---|

CASE NAME:
Floyd Anderson v. BMW of North America, LLC, et al

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2017-00048512-CU-BC-CTL |
| | | | JUDGE: Judge Judith F. Hayes<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 5, 2017

Mark Romano
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs; check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:   330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:   Central
TELEPHONE NUMBER:   (619) 450-7068

PLAINTIFF(S) / PETITIONER(S):   Floyd Anderson

DEFENDANT(S) / RESPONDENT(S):   BMW of North America LLC

ANDERSON VS BMW OF NORTH AMERICA LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00046512-CU-BC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Judith F. Hayes                                      Department: C-68

**COMPLAINT/PETITION FILED:** 12/05/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/06/2018 | 10:00 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00046512-CU-BC-CTL       CASE TITLE: Anderson vs BMW of North America LLC [IMAGED]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S): Floyd Anderson

DEFENDANT(S): BMW of North America LLC

SHORT TITLE: ANDERSON VS BMW OF NORTH AMERICA LLC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2017-00046512-CU-BC-CTL |
|---|---|

Judge: Judith F. Hayes                                Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                                    Name of Defendant

_____          _____
Signature                                                              Signature

_____          _____
Name of Plaintiff's Attorney                                     Name of Defendant's Attorney

_____          _____
Signature                                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/06/2017                                          _____
                                                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

# EXHIBIT "C"

ANDREW K. PULS (273672)
andrew.puls@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| FLOYD ANDERSON,<br><br>                      Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>                      Defendants. | Case No.: 37-2017-00046512-CU-BC-CTL<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Judith F. Hayes<br>Dept.:  C-68<br><br>COMPLAINT FILED:  December 5, 2017 |

Defendant BMW OF NORTH AMERICA, LLC ("Defendant"), for itself, alone, and on behalf of no other defendant, answers Plaintiff FLOYD ANDERSON's ("Plaintiff") unverified Complaint as follows:

### GENERAL DENIAL

Defendant generally denies each and every allegation and the asserted claims in Plaintiff's Complaint under Code of Civil Procedure section 431.30, subdivision (d), and further denies that Plaintiff has been injured, damaged, is entitled to damages in any sum or sums whatsoever, or is entitled to relief of any kind because of Defendant's alleged conduct.  Defendant further denies that Plaintiff is entitled to judgment against it as a result of its alleged conduct.

/ / /

/ / /

### SEPARATE AND AFFIRMATIVE DEFENSES

And as for separate and affirmative defenses to the Complaint and to the claims alleged therein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims are barred, in whole or in part, for lack of standing.

### THIRD AFFIRMATIVE DEFENSE

3.     This Court may lack jurisdiction to adjudicate some or all of Plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's damages, if any, are not recoverable to the extent that they are the proximate result of the acts and/or omissions of a third party for which Defendant is not responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's damages, if any, are not recoverable to the extent that such damages and/or injuries were proximately caused by Plaintiff's own fault.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's damages, if any, are not recoverable to the extent that Plaintiff failed to mitigate them.

### NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff has failed to join necessary and/or indispensable parties.

**TENTH AFFIRMATIVE DEFENSE**

10.     Defendant is entitled to setoff and offset against any amounts allegedly owing to Plaintiff by amounts to which Plaintiff is liable to Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Plaintiff's fraud claim fails because it is not pled with requisite specificity and particularity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to provide Defendant or its authorized dealership with a reasonable number of repair attempts.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to notify Defendant of the need for the repair of the alleged nonconformities.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiffs' claims are barred, in whole or in part, due to Plaintiff preventing Defendant from providing a refund within the 30-day statutory period.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff's damages, if any, are not recoverable to the extent that they are the result of Plaintiff's unreasonable, unforeseeable, and inappropriate misuse and/or abuse of the subject vehicle by Plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff's claims are barred due to Plaintiff's failure to comply with written or oral instructions relating to use of the vehicle, which caused or contributed to the alleged damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiff's damages are not recoverable due to Plaintiff's abuse, neglect, or unauthorized alteration or modification of the vehicle, which voided the express or implied warranties.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's damages, if any, are not recoverable due to Plaintiff's failure to properly maintain and/or repair the subject vehicle.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, to the extent that the alleged nonconformities arose after the express and/or implied warranty period had expired.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred, in whole or in part, to the extent that the subject vehicle has not been out of service for a cumulative total of more than 30 calendar days since the delivery to Plaintiff due to repair of any alleged nonconformities.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred, in whole or in part, to the extent that the alleged nonconformities are wear items that are not covered by any express or implied warranty.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred, in whole or in part, because the alleged nonconformities did not substantially impair the use, value, or safety of the subject vehicle.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred, in whole or in part, because the alleged defects have been corrected by Defendant or its authorized dealership.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, because there was a lack of privity and/or sufficient nexus between Plaintiff and Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, because the vehicle was not purchased or leased in California for purposes of the statutes at issue.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred to the extent there was no timely revocation of acceptance after the alleged breach and before a substantial change in the vehicle's condition.

4.     **Case No.: 37-2017-00046512-CU-BC-CTL**

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.   Defendant's evaluation of Plaintiff's repurchase request has been in good faith; consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.   Plaintiff's Song-Beverly Warranty Act claims are barred to the extent that the subject vehicle is not a "new motor vehicle" within the meaning of that act.

**ADDITIONAL DEFENSES**

Defendant reserves the right to assert additional defenses and/or affirmative claims as they become known throughout the course of this litigation.

**PRAYER**

WHEREFORE, Defendant prays for judgment on the Complaint as follows:

1.   That Plaintiff's complaint and each cause of action thereof be dismissed with prejudice;

2.   That Plaintiff takes nothing by Plaintiff's complaint;

3.   That the Court enter judgment in favor of Defendant;

4.   That Defendant be awarded its costs incurred herein, including attorneys' fees to the extent allowed by law; and

5.   That the Court order such other and further relief for Defendant as the Court may deem just and proper.

DATED:  January 8, 2018                                 DINSMORE & SHOHL LLP

By: _____
ANDREW K. PULS (273672)
CHRISTOPHER CELENTINO (131688)

Attorneys for Defendant BMW OF
NORTH AMERICA, LLC

5.          **Case No.: 37-2017-00046512-CU-BC-CTL**